# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| PATRICIA SIMMONDS, et al. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHEROKEE COUNTY, et al, ) <br> ) <br> Defendants. ) | Civil Action No.: 1:20-cv-250 |
| TIENDA PHILLIPS, et al. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHEROKEE COUNTY, et al, ) <br> ) <br> Defendants. ) | Civil Action No. 1:21-cv-274 |

| | |  |
|---|---|---|
| NATHAN DAVENPORT, et al. | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:21-cv-276 |
| CHEROKEE COUNTY, et al, | ) | |
| Defendants. | ) | |

| | |  |
|---|---|---|
| MELANIE DYER, et al. | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:21-cv-277 |
| CHEROKEE COUNTY, et al, | ) | |
| Defendants. | ) | |

| | |  |
|---|---|---|
| NATHAN DAVENPORT, et al. | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:21-cv-278 |
| CHEROKEE COUNTY, et al, | ) | |
| Defendants. | ) | |

| | |
|---|---|
| JEREMY SILVERS, et al.<br><br>       Plaintiff,<br><br>v.<br><br>CHEROKEE COUNTY, et al,<br><br>       Defendants. | Civil Action No. 1:21-cv-280 |
| REGINA MANEY, et al.<br><br>       Plaintiff,<br><br>v.<br><br>CHEROKEE COUNTY, et al,<br><br>       Defendants. | Civil Action No. 1:21-cv-281 |
| DESIREE REILY, et al.<br><br>       Plaintiff,<br><br>v.<br><br>CHEROKEE COUNTY, et al,<br><br>       Defendants. | Civil Action No. 1:21-cv-282 |

| | |
|---|---|
| MARTHA KILLIAN, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-283 |

| | |
|---|---|
| AMANDA TIMPSON, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-284 |

| | |
|---|---|
| SARAH CRAPSE, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-285 |

| | |
|---|---|
| HANNAH ALLEN, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-286 |
| TESSA DORSEY, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-287 |
| LIBBY HELMS, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-288 |

| | |
|---|---|
| SHALEES GREENLEE, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-289 |

| | |
|---|---|
| SAMANTHA TORRES, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-290 |

| | |
|---|---|
| KELLY WALKER, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-292 |

| | |
|---|---|
| SHEENA DOCKERY, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-293 |
| JESSICA FARQUHAR, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-294 |
| CAINE BURNETTE, et al. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE COUNTY, et al, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:21-cv-295 |

| | |
|---|---|
| STEPHEN DOWNEY, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-296 |
| ) | |
| CHEROKEE COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

| | |
|---|---|
| CHEYENNE SPICOLA, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-297 |
| ) | |
| CHEROKEE COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**JOINT STATUS REPORT AND REPORT OF STATUS OF PROPOSED SETTLEMENT AND PARTIES' PROPOSED PROCEDURE AND TIMELINE FOR PRESENTATION OF THE PROPOSED SETTLEMENT TO THE COURT**

Counsel for the parties in the above captioned actions, respectfully submit the following report pursuant to the Court's Order of June 23, 2022, directing the filing of a Joint Status Report on or before July 25, 2022 setting forth the status of their settlement efforts. In its June 23, 2022, order the Court directed that in the event that

settlement has been reached, the Joint Status Report shall set forth the parties proposed procedure and timeline for presentation of the proposed settlement to the court. Accordingly, the parties report to the Court:

1. The parties have reached a global settlement of the cases pursuant to which the Defendants will pay a single sum of money $42,000,000.00 that would then be apportioned among the several Plaintiffs by a neutral Special Master, The Honorable Andrew Cromer (N.C. Superior Court Judge, retired), who served as the neutral mediator and aided in reaching the settlement, whom the parties seek to have approved and appointed by the Court to engage in the complexities of allocation and apportionment of the settlement proceeds.

2. A copy of the settlement agreement as proposed (without signatures, but which has now been approved and signed) is submitted as an exhibit or addendum to this report.

3. In part, the settlement agreement reflects that counsel have reached a settlement in and of the 21 cases for all Plaintiffs in the following cases pending in the United States District Court for the Western District of North Carolina, case numbers 1:21-250, 274, 276-28, 280-290, 292-297 (all adult and minor Plaintiffs in these cases are collectively referred to as "All Plaintiffs") and Cherokee County, Cherokee County Department of Social Services, Cindy Palmer in her official and individual capacity, Scott Lindsay

9

Case 1:21-cv-00276-MR-WCM    Document 12    Filed 07/22/22    Page 9 of 18

in his official and individual capacity, Lisa Davis Stiles in her official and individual capacity, and Donna Crawford in her official and individual capacity ("Defendants"), all of these cases, referred to in the caption to this report and collectively referred to in the settlement agreement as the as "Civil Actions."

4. Important terms of the settlement, which are summarized here, but which are fully and expressly set out in the proposed settlement agreement include the following:

   a. The "insurer" for Cherokee County, referred to as the Liability and Property Pool and Cherokee County, on behalf of the Defendants, will pay the Plaintiffs a total payment of $42 million dollars for all Civil Actions as follows:

      i. The Liability and Property Pool shall pay $ 17.5 million dollars within sixty days after Court approval of all settlements by or on behalf of all minors and all others requiring court approval.

      ii. An additional $ 4 million dollars shall be paid by February 15, 2023, by or on behalf of Cherokee County.

      iii. The remainder of the total payments, $ 20.5 million, shall be paid by Cherokee County in seven equal yearly installments starting

July 15, 2024, and ending July 15, 2030. These payments shall be made payable as directed by Plaintiffs' counsel.

iv. Cherokee County specifically waives any right to limit or not make the appropriation of this agreement under N.C. Gen. Stat. § 159-13(b)(15) and will thus be bound by the agreement until fully satisfied. The County further shall be bound to monitoring by and subject to the power and authority of the Local Government Commission in the enforcement of this agreement.

v. All Plaintiffs must accept the amount of total payment (global settlement amount) above in order for the settlement to be effective.

vi. The parties contemplate the appointment of a Special Master pursuant to Fed. R. Civ. P. 53 to receive the requisite data, information and evidence with respect to each Plaintiff's claims of damages and to allocate the proportionate share of the settlement proceeds after fees and costs as determined by Judge Anderson Cromer, the proposed Special Master, as referred to in the settlement agreement, called the pro *tanto* determination of his or her allocated share of the total payments as determined by a special master or neutral third party. The Parties agree that the

    Defendants are not responsible for the allocation of share of total payments, or any criteria used in allocating the share of total payments.

5. The settlement agreement's terms required approval of the Cherokee County Commissioners, the Liability and Property Pool Board of Trustees, and, of course, each Plaintiff or the legal representative of the plaintiff.

6. In order to effect settlement, Plaintiffs will release from liability, except for claims for enforcement of this agreement, Cherokee County and all departments or divisions, and all past or present officials, employees, agents, Commissioners, attorneys, and risk pools and insurers, in all Civil Actions. The releasees include, but are not limited to, Cindy Palmer in her official and individual capacity, Scott Lindsay in his official and individual capacity, Lisa Davis Stiles in her official and individual capacity, and Donna Crawford in her official and individual capacity.

7. As an express condition of the settlement the United States District Court for the Western District of North Carolina's approval of all settlements by or on behalf of all minors and all others requiring court approval must be obtained and awarded in order for the payments to be made and the distribution effected.

8. In light of these terms and obligations, immediately upon agreement to the terms of the settlement, counsel for the parties immediately commenced the effort to obtain the requisite consent and signatures.

9. Defense counsel have obtained all requisite approvals. Counsel for the plaintiffs have met with each plaintiff, and after fully explaining the terms of the settlement, each plaintiff or representative for the minor or disabled plaintiff has approved and assented to the term of the settlement.

10. Counsel have outlined the proposed procedure remaining for the presentation of the settlement to the Court, and the proposed timeline for presentation of the proposed settlement to the Court. A chart reflecting that proposed procedure and timeline is annexed to this Report as an addendum or exhibit.

11. Summarily, the procedure to be employed includes the filing of a motion to consolidate these actions, pursuant to Fed. R. Civ. P. 42, for purposes of settlement, and a motion pursuant to Fed. R. Civ. P. 53 for appointment of Retired North Carolina Superior Court Judge Anderson Cromer to serve as Special Master to perform the tedious, difficult, and complex allocation of the settlement proceeds, and a motion for the Court's consideration and approval of the settlement award to each minor.

12. In order to prepare for a proper presentation of the United States District Court to consider the approval of the settlement affecting m engage minors or

incompetents and to ensure the fairness of the settlement for them and to protect their interests, counsel for the plaintiffs believe it to be necessary to engage counsel experienced in the preparation of special needs or "benefits" trusts. Plaintiff's counsel have entered discussions with and obtained, a proposed engagement letter for the services of the VanWinkle law firm, and experienced, competent, and capable firm to be engaged for these purposes. Of course, individual engagement agreements must be executed, and a period of time will be required for the execution of those specific engagement agreements.

13. Contemporaneously, counsel have begun the preparation of the motions and memoranda of law supporting them under Rules 42 and 53 of the Rules of Civil Procedure.

14. Additionally, as a part of the motions under Rules 42 and 53, the parties will request a status conference and a hearing on the motion for consolidation and appointment of a special master to answer any further questions the Court may have regarding the procedure and timeline.

15. Counsel for the plaintiffs are continuing to assist in the accumulation, marshaling, and assembly of completed documentation to be presented to the Special Master in order for the master to consider fully the complexity of these matters and to arrive at a proper determination. Counsel for the plaintiffs

presume that the documentation will be available and the documentation completed by August 16, 2022.

16. In the interim, counsel intends to arrange for the Special Master's hearings to be conducted at the Clay County Courthouse, commencing September 6, 2022 and to be concluded by September 20, 2022

17. Of course, prior to the commencement of the hearings, notice will be furnished to each plaintiff, and hearing times will be set.

18. Following these hearings, the Special Master's report, including the findings and proposed allocations will be prepared by the. Special Master with the assistance of counsel in completion of the drafting of the report if needed.

19. As it relates to the report and any allocation for minors or incompetents and with regard to the proposed distribution, counsel will prepare and submit a motion for a hearing on the approval of the Special Master's allocation and the approval of settlement distribution for and on behalf of minors and incompetents.

20. This motion will include proposed documents for the creation of trusts for the minors and incompetents for administration of settlement funds.

21. Upon the filing of that motion, counsel will conduct conferences with the plaintiffs or plaintiffs' representatives for those who are minors or

incompetents, reviewing fully the Special Master's findings and report, and prepare for hearing.

22. Within 10 days of receipt of the Court orders on the Special Master's report and settlements for the benefit of minors, counsel intends to complete the documents necessary for payments funding, and distribution, and thereafter to file all necessary documents to effect the closure of these cases on the court's docket.

Jointly and respectfully submitted, this 22nd day of July, 2022.

BY:

/s/David A. Wijewickrama
David A. Wijewickrama
N.C. State Bar No.: 30694

/s/ Melissa Jackson
Melissa Jackson
N.C. State Bar No.: 34013

/s/ D. Brandon Christian
D. Brandon Christian
N.C. Bar No. 39579

/s/ Ronald L. Moore
Ronald L. Moore
N.C. Bar. No. 9619

/s/ Mary Euler
Mary Euler
N.C. Bar No.: 25799

/s/ Patrick Flanagan
Patrick Flanagan
N.C. Bar. No.: 17407

/s/ Sean Perrin
Sean Perrin
N.C. Bar No.:  22253

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing *Status Report* with the Clerk of the United States District Court using the CM/ECF system, which will serve all parties who have made an appearance in the case.

This the 22nd day of July, 2022.

/s/ D. Brandon Christian
D. Brandon Christian
N.C. Bar No. 39579
3344 Presson Road
Monroe, NC 28112
brandon.christian@ncleag.com
(910) 750-2265