# MEMORANDUM OF SETTLEMENT

This MEMORANDUM OF SETTLEMENT is made effective the 15th day of June, 2022 by and between all Plaintiffs in the following cases pending in the United States District Court for the Western District of North Carolina: 1:21-250, 274, 276-28, 280-290, 292-297 (all adult and minor Plaintiffs in these cases are collectively referred to as "All Plaintiffs") and Cherokee County, Cherokee County Department of Social Services, Cindy Palmer in her official and individual capacity, Scott Lindsay in his official and individual capacity, Lisa Davis Stiles in her official and individual capacity, and Donna Crawford in her official and individual capacity ("Defendants").

All Plaintiffs and Defendants agree as follows:

1. This settlement applies to all lawsuits pending between the Parties in the following actions (all cases collectively referred to as the "Civil Actions"):

   1:20-250   *Patricia Simonds, L.R. v. Cherokee County et. al.*

   1: 21-274   *Tienda Rose Phillips, Steven Ashe, C.A. v. Cherokee County et. al.*

   1:21-276   *Nathan Davenport, Melanie Dyer, M.D. v. Cherokee County et. al.*

   1:21-277   *Jamie Allen, Melanie Dyer, P.A., GA, J.A. v. Cherokee County et. al.*

   1:21-278   *Nathan Davenport, Katrina Ledford, C.D., K.D. v. Cherokee County et. al.*

   1:21-280   *Jeremy Silvers, D.S. v. Cherokee County et. al.*

   1:21-281   *Regina Maney, K.C., M.C., E.M., P.M. v. Cherokee County et. al.*

   1:21-282   *Desiree Reilly, Desean Patterson, T.P. Da/De P. v. Cherokee County et. al.*

1

1:21-283     *Martha Killian, B.S. v. Cherokee County et. al.*

1:21-284     *Amanda Timpson, L.T.    v. Cherokee County et. al.*

1:21-285     *Sarah Crapse, M.C., A.C. v. Cherokee County et. al.*

1:21-286     *Hannah Allen, Desmond Champagne, Z.A. v. Cherokee County et. al.*

1:21-287     *Tessa Dorsey, J.D. v. Cherokee County et. al.*

1:21- 288    *Libby Helms, A.H. J.H.    v. Cherokee County et. al.*

1:21-289     *Shalees Greenlee, A.M. (aka A.R) v. Cherokee County et. al.*

1:21-290     *Samantha Torres, C.L., K.L. v. Cherokee County et. al.*

1:21-292     *Kelly Walker, J.S., S.W. V.W. v. Cherokee County et. al.*

1:21-293     *Sheena Dockery, Z.B. v. Cherokee County et. al.*

1:21-294     *Jessica Farquhar, Dam W., Dar. W. v. Cherokee County et. al.*

1:21-295     *Caine Burnette, A.B., J.B. v. Cherokee County et. al.*

1:21-296     *Stephen Downey, Sherry Garland, A.D. v. Cherokee County et. al.*

1:21-297     *Cheyenne Spicola, J.G., T.G v. Cherokee County et. al*.

2.     The Liability and Property Pool and Cherokee County, on behalf of the Defendants, will pay the Plaintiffs in settlement of these pending actions

the sum of $42 million dollars (a Global Settlement) for all Civil Actions through agreed payments as set forth herein only after satisfaction of the pre-conditions set forth in paragraphs 3 through 9 below.

3. All Plaintiffs (personally or by or through their guardians or qualified personal representatives) accept the amount of total payment above.

4. All Plaintiffs (personally or by or through their guardians or qualified personal representatives) agree to be bound by the *pro tanto* determination by a special master or neutral third party of his or her allocated share of the total payment above when tendered. Defendants are not responsible for the allocation of share of total payments, the selection of any special master or arbitrator or other neutral to allocate the settlement, or any procedure or criteria used in allocating the share of total payments.

5. Plaintiffs' counsel assert by their representatives' signatures to this agreement they do not represent any other claimants other than those included in the pending actions and the actions which have already been adjudicated or settled, and are not in communication with any potential or anticipated claimants.

6. The terms of this agreement are approved by the Cherokee County Commissioners.

7. The terms of this agreement are approved by the Liability and Property Pool Board of Trustees.

8. The United States District Court for the Western District of North Carolina approves all settlements by or on behalf of all minors and all others requiring court approval.

9. All Plaintiffs (personally or by or through their guardians or qualified personal representatives) release from liability, except for all rights to enforce the terms of this agreement, Cherokee County and all departments or divisions, and all past or present officials, employees, agents, Commissioners, attorneys, and risk pools and insurers, in all Civil Actions. The releasees include, but are not limited to, Cindy Palmer in her official and individual capacity, Scott Lindsay in his official and individual capacity, Lisa Davis Stiles in her official and individual capacity, and Donna Crawford in her official and individual capacity.

10. After satisfaction of the pre-conditions set forth in paragraphs 3 through 9 above, payments shall be made as follows:

   a. The Liability and Property Pool shall pay to Plaintiffs' counsel's trust account or such other account or depository that the Court may direct the sum of $ 17.5 million dollars within sixty days.

   b. Additionally, and separately the Liability and Property Pool shall pay such sums as are necessary to satisfy the judgments entered on June 21, 2021 [Document 147] and February 22, 2022 [Document 166], in *Hogan v. Cherokee County, et. al.*, 1: 18-96, within sixty days.

   c. An additional $ 4 million dollars shall be paid by February 15, 2023 by or on behalf of Cherokee County.

   d. The remainder of the total payments, $ 20.5 million, shall be paid by Cherokee County in seven equal yearly installments on the 15th day of July of each year, starting July 15, 2024, and ending July 15, 2030. These payments shall be made payable to an account designated to receive each periodic payment by wire transfer as directed by Plaintiffs' counsel or as may be provided in the order of the Court. Any payment made after its due date is subject to a 10% late payment penalty against Cherokee County if not paid within 10 days after a written notice of failure to pay is delivered to the Board of Commissioners or County Attorney for Cherokee County. Proof of initiation of a wire transfer by Cherokee County to the designated account is proof of payment. In no event shall Cherokee County be responsible for any delay arising out of or caused directly or indirectly by fire, flood, earthquake, elements of nature, acts of war, terrorism, riots, civil commotion, or acts of God beyond its control. Cherokee County specifically waives any right to limit or not make the appropriation of this agreement under N.C.G.S. § 159-13(b)(15) and will thus be bound by this agreement until fully satisfied. The County further shall be bound to monitoring by and subject to the power and authority of the Local Government Commission in the enforcement of this agreement, including the authority of the Commission under N.C.G.S. § 159-36(a) to order the County to enact an ordinance levying the necessary taxes to meet all installments of the obligations provided in this agreement. The plaintiffs shall be entitled to any remedies available for enforcement of the periodic payment terms against Cherokee County, including, but not limited to, specific

4

YMH 2361-001/5696563

Case 1:21-cv-00276-MR-WCM   Document 12-1   Filed 07/22/22   Page 4 of 8

performance, and Cherokee County expressly authorizes the remedy of specific performance in any action or proceeding to enforce this agreement.

11. The Plaintiffs shall file dismissals with prejudice of all Civil Actions with each party to bear its own costs including attorney's fees as incurred and deliver to Defendants all Plaintiffs' executed releases all immediately upon payment in accordance with paragraph 10(a) above and before the disbursement of any such sums. Plaintiffs expressly authorize the remedy of specific performance in any action or proceeding to enforce this agreement.

12. All parties acknowledge that any settlement reached is a settlement of disputed claims and disputed coverage under the Contracts between Cherokee County and NCACC-LPP ("the Pool Contracts") and that neither entry into the settlement nor performance thereunder shall constitute admission of fault or liability or an admission of the presence or absence of coverage under the Pool Contracts. The settlement shall be without prejudice to the rights and positions of the parties with respect to coverage or the absence thereof in connection with any future claims involving Cherokee County.

13. The Parties will cooperate and exercise good faith efforts in the performance of this agreement and the preparation and execution of any additional or subsequent instruments, addenda or other documentation, including, but not limited to, approval and execution by the Board of Commissioners of Cherokee County, the County Manager and County Finance Officer, any requisite preaudit certificate, and the like, as well as the settlement documents and procedures to effect the application for settlement approval, the appointment of a special master, and other attendant documents reasonably associated with or required for completion of the settlement and fulfillment of all of the terms of this agreement and the acts or actions contemplated under it.

    By executing this agreement, the persons signing represent that they have the capacity and authority to execute this agreement and that this agreement shall be enforceable and have binding effect, and a copy of this document in portable document format whether obtained by scanning or otherwise shall be treated for all purposes including enforcement as an original document, subject to the applicable law with respect to document alteration. In particular, this Agreement may be

5

executed in multiple counterparts, each of which shall be deemed an original, and all of which shall be one and the same contract. Similarly, a copy which is and has been fully executed and which does not deviate from and has not been altered from the original and which is stored in portable document format (PDF) (including signatures) shall be treated as and have the same effect as an original. Further, each party to this Agreement affirms, represents, and acknowledges that the respective parties have the authority and capacity to enter this agreement and to perform under this agreement, and that the agreement has been authorized by the respective governing authorities of the parties. Further, without limiting the generality of the foregoing, the parties acknowledge as provided in N.C. Gen. Stat. §147-86.55-69, any person identified as engaging in investment activities in Iran, determined by appearing on the Final Divestment List created by the State Treasurer pursuant to N.C. Gen. Stat. §147-86.57(6) c, and pursuant to N.C. Gen. Stat. §147-86.82 a company identified as boycotting Israel, is ineligible to contract with the State of North Carolina or any political subdivision of the State, including a County or an official in his or her official capacity. None of the parties to this agreement have engaged in such prohibited, proscribed or impermissible conduct or are barred or restricted from entering this agreement. Similarly, although directly required, the parties acknowledge North Carolina Gubernatorial Executive order 251 prohibiting State agencies and state entities from doing business in a manner directly benefitting Russia and providing that local governments in North Carolina are strongly encouraged to adopt similar policies to ensure that public dollars and operations do not directly benefit Russian Entities, the parties represent that this agreement does not directly benefit Russian entities, and the parties have the capacity to enter this agreement.

Date_____    _____
                    David Wijewickrama
                    *As Attorney for Plaintiffs*

Date_____    _____
                    D. Brandon Christian
                    *As Attorney for Plaintiffs*

Date_____    _____
                    Mary Euler
                    *As Attorney for Cindy Palmer in her individual capacity*

Date_____    _____
                    Sean F. Perrin
                    *As Attorney for Cherokee County, Cherokee County DSS, Cindy Palmer in her official capacity, Scott Lindsay in his official capacity, Donna Crawford in her official capacity, and Lisa Davis Stiles in her official capacity*

Date_____    _____
                    Patrick Flanagan
                    *As Attorney for Scott Lindsay in his individual capacity*

Date_____    _____
                    The Honorable Dr. Dan Eichenbaum, as Chairman
                    Cherokee County Commission

Date_____    _____
                    Jan Griggs, as Cherokee County Commissioner

Date_____    _____
                    Randy Phillips, as Cherokee County Commissioner

Date_____    _____
                    Cal Stiles, as Cherokee County Commissioner

Date_____    _____
                    Gary Westmoreland, as Cherokee County Commissioner

Date_____  _____
                  Candy Anderson, as Cherokee County Finance Officer


Date_____  _____
                  Randy Wiggins, as Cherokee County Manager


Date_____  _____
                  Darryl Brown, as Cherokee County Attorney

ATTEST:

_____
Maria Hass
Clerk to the Board.

                                NORTH CAROLINA COUNTIES LIABILITY
                                PROPERTY JOINT RISK MANAGEMENT AGENCY
                                (referred to in this Agreement as the "Liability and
                                Property Pool" or the "Pool")


Date_____  By: _____


                        Its: _____

8

YMH 2361-001/5696563
Case 1:21-cv-00276-MR-WCM   Document 12-1   Filed 07/22/22   Page 8 of 8